**FILED**

**September 14, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 11:17 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| AARON DELANEY, | ) | |
| Employee, | ) | Docket No. 2017-02-0161 |
| | ) | |
| v. | ) | |
| | ) | State File Number 85075-2016 |
| TPI CORPORATION, | ) | |
| Employer, | ) | |
| And | ) | Judge Brian K. Addington |
| | ) | |
| UNITED HEARTLAND INS., | ) | |
| Insurance Co. | ) | |

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

This matter came before the undersigned Workers' Compensation Judge on September 11, 2017, on Mr. Delaney's Request for Expedited Hearing. Mr. Delaney requested the Court to decide the matter on the record without an evidentiary hearing. TPI Corporation did not request an in-person hearing. The Court reviewed the file and held that it needed no additional information to render a decision on the record without an in-person hearing.

The Court issued a Docketing Notice for File Review Determination, which listed the documents contained in the record and allowed the parties until September 8, 2017, to object to the admissibility of any document and/or to file a position statement and statement of facts. Neither party filed any objections to the documents. The parties filed a Joint Statement of Agreed Facts.

Here, the determinative legal issue is whether Mr. Delaney suffered an injury that arose primarily out of and in the course and scope of his employment. For the reasons set forth below, the Court finds Mr. Delaney is not likely to prevail at a hearing on the merits in proving his injury arose primarily from his employment. The Court, therefore, denies

1

his request for workers' compensation benefits at this time.

## History of Claim

Mr. Delaney worked for TPI as a machine operator. On November 24, 2015, he reached out to touch the mac-line machine with his right arm when he felt a pop in his shoulder. Mr. Delaney reported his injury, and TPI provided a panel of physicians from which Mr. Delaney chose MedWorks Occupational Medicine. Mr. Delaney went to MedWorks the following day. The providers there referred him to orthopedic surgeon Dr. Joseph Grant, who diagnosed a full-thickness right rotator cuff tear and recommended surgery.[1] On April 5, 2016, TPI filed a Notice of Denial on the grounds that Mr. Delaney's suffered an idiopathic injury and there was "no primary work causation."

Mr. Delaney argued he suffered a compensable injury when he reached for the machine. Mr. Delaney denied any pre-existing condition in his shoulder and felt the pop as he reached for his machine, which he was required to do to perform his job. Under these circumstances, Mr. Delaney argued his injury is compensable and he is entitled to medical benefits.

TPI argued Mr. Delaney suffered a non-compensable idiopathic injury when he simply reached out toward his machine. He did not touch it nor was he in the process of operating the machine when he felt his shoulder pop. Further, no condition of Mr. Delaney's employment presented a peculiar or additional hazard. As such, TPI requested the Court to deny Mr. Delaney's claim.

## Findings of Facts and Conclusions of Law

In this workers' compensation case, Mr. Delaney has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, Mr. Delaney need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an Expedited Hearing. Instead, he must come forward with sufficient evidence from which the trial court can determine that he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

An injury arises primarily out of and in the course and scope of employment if it has been shown to a reasonable degree of medical certainty the employment contributed more than fifty percent in causing the need for medical treatment. An injury causes a need for medical treatment only if in the opinion of a physician it has been shown to

---

[1] The parties did not provide Dr. Grant's medical notes. Instead, the parties provided an unsigned, February 1, 2016 utilization review report, which indicated, "The claimant has a full thickness tear of the supraspinatus tendon with chronic infraspinatus tendinosis, AC joint OA with spur causing impingement."

reasonable degree of medical certainty that it contributed more than fifty percent in causing that need. An aggravation of pre-existing conditions is not a work injury unless the aggravation arose primarily out or and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(14)(A)-(D) (2016). Except in the most obvious cases, an employee must prove causation with an expert medical opinion. *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991).

Mr. Delaney satisfied the requirement that his injury occurred in the course and scope of his employment. He injured his arm while he performed his job. So, the issue remains whether Mr. Delaney's injury arose primarily out of his employment.

Mr. Delaney did not suffer an obvious injury. He suffered a full thickness rotator cuff tear by merely lifting his arm towards his machine. Thus, Mr. Delaney must prove causation with an expert medical opinion. He provided none.

The Court is not convinced that simply lifting one's arm at work constitutes a hazard of employment. This case is similar to *Veler v. Wackenhut Servs.*, 2011 Tenn. LEXIS 78 (Tenn. Workers' Comp. Panel Jan. 28, 2011), in which Mr. Veler injured his knee while standing up to reach for files. Because the Workers' Compensation Law was remedial at that time, the Special Panel determined that Mr. Veler suffered a compensable injury because he did not have any pre-existing conditions. *Id.* at *12, 15-16. The Workers' Compensation Law is no longer remedial and shall not be construed to favor the employee or employer. Tenn. Code Ann. § 50-6-116.

As the Workers' Compensation Appeals Board explained in *McCaffery v. Cardinal Logistics*, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *8-11 (Dec. 10, 2015), the relevant inquiry is not what caused the alleged idiopathic condition or event but what caused *the injury*. The Board noted that "cause" in the context of idiopathic injuries "means that the accident originated in the hazards to which the employee was exposed as a result of performing his job duties." *Id.* at *10. The Board further explained that "[t]he focus is on the causal link between the employment and the accident or injury, rather than a causal link between the employment and the idiopathic episode." *Id.* at *11.

Here, the pertinent question is what caused Mr. Delaney's shoulder injury. The parties submitted a utilization review report that indicated Mr. Delaney suffered a full thickness tear of the supraspinatus tendon as well as chronic tendonitis and osteoarthritis, which are pre-existing conditions. Without expert medical proof, the Court can only speculate as to whether Mr. Delaney's injury arose primarily from his employment. Therefore, the Court holds Mr. Delaney is not likely to prevail at a hearing on the merits in establishing that his injury arose primarily from a hazard incident to his employment with TPI.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Delaney's claim against TPI for medical benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on October 24, 2017, at 10:00 a.m. Eastern Time. The parties must call 855-543-5044 to participate in the Hearing.

3. Please Note: You must call in on the scheduled date/time to participate. Failure to call may result in a determination of the issues without your further participation. All conferences are set using Eastern Time.

**ENTERED this the 14th day of September, 2017.**

                        /s/Brian K. Addington
                        **Judge Brian K. Addington**
                        **Court of Workers' Compensation Claims**

## Appendix

Record Considered:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Request for Initial Hearing
5. Rule 72 Declaration in Support of Request for Expedited Hearing
6. Docketing Notice
7. Joint Statement of Agreed Facts
8. Employer's/Carrier's Position Statement
9. Employee's Expedited Hearing Position Statement

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order (Decision on the Record) was sent to the following recipients by the following methods of service on September 14, 2017.

| Name | Certified Mail | First Class Mail | Via Email | Service Sent To: |
|------|----------------|------------------|-----------|------------------|
| Zachary D. Wiley, Attorney for Employee | | | X | zwiley@forthepeople.com |
| Cole B. Stinson, Attorney for Employer | | | X | cole.stinson@accidentfund.com |

/s/ Penny Shrum
**Penny Shrum, Clerk of the Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**